PER CURIAM.
This is a disciplinary proceeding brought by The Florida Bar against attorney Earl *1104 B. Hooten, II. The charges were tried before a referee. The referee’s report has now been filed and is before us for consideration pursuant to rule 3-7.6(c)(6) of the Rules Regulating The Florida Bar.
The referee found that respondent misappropriated settlement proceeds received in trust for a client, converting the funds to his own use and that when he finally made restitution to the client he improperly used settlement proceeds received on behalf of another client. The referee noted respondent’s criminal conviction for the offense of grand theft. The referee concluded that respondent had violated several provisions of the former Integration Rule of The Florida Bar and Code of Professional Responsibility, including Disciplinary Rule 1-102(A)(4) (conduct involving fraud or dishonesty) and Integration Rule 11.02(4) (use of trust funds for an unauthorized purpose). The referee recommended that respondent be disbarred.
Neither party challenges the referee’s report. We therefore find no reason not to follow the referee’s recommendation on discipline. Rules Reg.Fla.Bar, Ch. 3, Rule 3 — 7.6(c)(6).
Respondent Earl B. Hooten, II, is hereby disbarred, effective immediately. The Florida Bar’s costs in these proceedings are assessed against respondent. Judgment is entered against him for costs in the amount of $9,424.32, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.